# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| United States of America<br>v.<br>Carlos Moreno-Perez,<br>a.k.a.: Carlos Moreno P.,<br>(A098 698 672)<br>*Defendant* | Case No. 17-345MJ |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of August 16, 2017, in the County of Maricopa, in the District of Arizona, the defendant violated Title 8, U.S.C. § 1326(a), a felony, and Title 8, U.S.C. § 1325(a)(2) a class B misdemeanor, an offense described as follows:

**See Attachment A Incorporated By Reference Herein**

I further state that I am a Deportation Officer.

This criminal complaint is based on these facts:

**See Attached Statement of Probable Cause Incorporated By Reference Herein**

REVIEWED BY: Charles E. Bailey, P.S. for AUSA Margaret Perlmeter

☒ Continued on the attached sheet.

*Complainant's signature*
Steven T. Case,
Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 21, 2017

*Judge's signature*

City and state: Phoenix, Arizona

Michelle H. Bruns,
United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Count 1

On August 16, 2017, Carlos Moreno-Perez, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near San Ysidro, California, on or about June 24, 2005, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), a felony.

### Count 2

On August 16, 2017, at or near Phoenix, in the District of Arizona, Carlos Moreno-Perez, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2), a class B misdemeanor.

## STATEMENT OF PROBABLE CAUSE

I, Steven T. Case, being duly sworn, hereby depose and state as follows:

1. Your affiant is a Deportation Officer with United States Immigration and Customs Enforcement (ICE). I have learned from direct participation in the investigation and from the reports and communications of other agents and officers the facts recited herein.

2. On August 16, 2017, Carlos Moreno-Perez was booked into the Maricopa County Jail (MCJ) by the Phoenix Police Department on local charges. While incarcerated at the MCJ, Moreno-Perez was examined by ICE Officer G. Burns who determined him to be a Mexican citizen, illegally present in the United States. On the same date, an immigration detainer was lodged with the MCJ. On August 18, 2017, Moreno-Perez was released from the MCJ and transported to the Phoenix ICE office for further investigation and processing. Moreno-Perez was held in administrative custody until his criminal and immigration records could be obtained and his identity confirmed.

3. Immigration history checks revealed Carlos Moreno-Perez to be a citizen of Mexico and a previously deported criminal alien. Moreno-Perez was removed from the United States to Mexico at or near San Ysidro, California, on or about June 24, 2005, pursuant to an order of removal issued by an immigration judge. There is no record of Moreno-Perez in any Department of Homeland Security database to suggest that he obtained permission from the Secretary of the Department of Homeland Security to

return to the United States after his removal. Moreno-Perez's immigration history was matched to him by electronic fingerprint comparison.

4. Furthermore, there is no record of Carlos Moreno-Perez in any Department of Homeland Security database to suggest that after his last removal from the United States he entered the United States at an official Port of Entry. Had Moreno-Perez presented himself at a Port of Entry, Department of Homeland Security records likely would reveal that information. Accordingly, your affiant believes that Moreno-Perez entered the United States at a location not designated as an official Port of Entry, and thereby eluded examination and inspection by Immigration Officers of the United States. Moreno-Perez's immigration history was matched to him by electronic fingerprint comparison.

5. On August 18, 2017, Carlos Moreno-Perez was advised of his constitutional rights. Moreno-Perez freely and willingly acknowledged his rights and agreed to provide a statement under oath. Moreno-Perez stated that his true and complete name is "Carlos Moreno P.," and that he is a citizen of Mexico. Moreno-Perez stated that he illegally entered the United States on an unknown date, through the "border." Moreno-Perez further stated that he had been removed from the United States to Mexico on two (2) occasions and did not receive permission from the Secretary of the Department of Homeland Security to re-enter the United States after his removal.

6. For these reasons, this affiant submits that there is probable cause to believe that on or about August 16, 2017, Carlos Moreno-Perez, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously

3

denied admission, excluded, deported, and removed from the United States at or near San Ysidro, California, on or about June 24, 2005, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a) and on or about August 16, 2017, at or near Phoenix, in the District of Arizona, Carlos Moreno-Perez, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2).

_____
Steven T. Case,
Deportation Officer,
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 21st day of August, 2017.

_____
Michelle H. Bruns,
United States Magistrate Judge